IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Action No. 01-cv-2315-LTB-OES

In re:

HARVEY SENDER, TRUSTEE OF THE LIFEBLOOD BIOMEDICAL, INC. LIQUIDATION TRUST and HARVEY SENDER, TRUSTEE OF THE LIFEBLOOD BIOMEDICAL, INC.,

    Plaintiffs,

v.

WILLIAM JEFFREY MANN, an individual, WILLIAM WELLS II, an individual, FREEBORN & PETERS, an Illinois partnership, MICHAEL SABIAN, an individual, DARWIN J. POYFAIR, an individual, MERKLE & MAGRI, a Florida professional association, JAMES R. LEONE, P.A., a Florida professional association, JAMES R. LEONE, an individual, and THE WILLIAM & ELAINE WELLS FAMILY LIMITED PARTNERSHIP, a Florida limited partnership,

    Defendants.
_____

ORDER
_____

    Plaintiff Harvey Sender ("Sender") moves to strike five motions for summary judgment under Fed. R. Civ. P. 56 filed by defendants on April 11, 2005. Sender argues that these motions violate the terms of the June 4, 2004 Order I issued specifying strict page limits for motions in this case. Sender also argues that defendant's counsel communicated with this Chamber in violation of D.C.COLO.LCivR 77.2.

    The June 4, 2004 Order specifies the following page limits for Rule 56 motions: opening and response briefs not to exceed 20 pages, exhibits in opening and response briefs not to exceed 200 pages, reply briefs not to exceed 10 pages and exhibits in reply briefs not to exceed 30 pages. The Order states that "These page limitations shall include the motion for summary judgment, a

jurisdictional statement, a statement of facts, a procedural history, argument, closing and all other matters." (June 4, 2004 Order, Page 2.)

The Court established that motions for summary judgment were due April 11, 2005. On April 11, 2005 Sender filed a motion for summary judgment concerning defendants' affirmative defenses and counter claims. The motion was 19 pages long with 104 pages of exhibits. On the same day, defendants Freeborn & Peters LLP, Michael Sabian and Darwin J. Poyfair (collectively the "Freeborn defendants") filed one motion for summary judgment and four briefs in support of individual issues contained in the motion for summary judgment. These motions and briefs, and their respective lengths, are: 1) the motion for summary judgment on standing, prejudgment interest, punitive damages and liability, 12 pages with a one page exhibit, 2) a brief in support of the motion for summary judgment on the issue of standing, 20 pages with 194 pages of exhibits, 3) a brief in support of the motion for summary judgment on the issue of prejudgment interest, 15 pages and 43 pages of exhibits, 4) a brief in support of the motion for summary judgment on the issue of punitive damages, 7 pages and 37 pages of exhibits, and 5) a brief in support of the motion for summary judgment on the issue of liability, 20 pages and 341 pages of exhibits.

The Freeborn defendants argue that the June 4, 2004 Order specifies a page limit for each motion or brief, and that its motions are therefore subject to the page limits described above for each brief it submitted. Thus, only the exhibit accompanying the liability brief violates the page limit, and this brief was withdrawn and re-submitted April 22, 2005 to comply with the June 4, 2004 Order. The Freeborn defendants also assert that their counsel contacted my Chambers to clarify whether the 20 page limit applied to the entire filing or to each individual brief, and was informed that the limit applied to each individual brief.

Sender argues that the June 4, 2004 Order must apply to the entirety of the Freeman defendants' filing, since allowing it to apply to each individual motion would enable either party to evade the page limits by filing individual arguments for a motion as separate motions, and thus vitiate the purpose of the Order, to reduce the page length of motions filed in this case. Sender also argues that the Freeborn defendants' contact with my Chambers constitutes an improper ex parte communication in violation of D.C.COLO.LCivR 77.2. Further, the Freeborn defendants' counsel did not confer with Sender pursuant to D.C.COLO.LCivR 7.1(A), and once defense counsel received alleged confirmation of its interpretation of the June 4, 2004 Order, defense counsel did not share this information with Sender's counsel.

Sender is correct that defense counsel's contact with my Chambers was an inappropriate ex parte communication in violation of D.C.COLO.LCivR 77.2. I thus give no weight to whatever information defense counsel purportedly obtained through this contact.

My June 4, 2004 Order does not specify whether the page limits apply globally to all filings due June 11, 2005, or apply individually to each motion or brief filed. However, the Order states clearly that the page limits apply to briefs, and include the motion for summary judgment. (June 4, 2004 Order, Page 2.) The intent of the Order was to address the "extraordinary and unacceptable length" of the motions filed in the case. (June 4, 2004 Order, Page 1.) An interpretation of this Order that would allow a party to file multiple briefs relating to a single motion with each brief individually subject to the 20 page limit would completely undermine the goal of reducing the length of the filings. I therefore find and conclude that the Freeborn defendants violated the intent and spirit of the June 4, 2004 Order by filing 84 pages in their briefs and motion, with approximately 445 pages of exhibits, all pursuant to a single motion for summary judgment.

The June 4, 2004 Order states that "failure to follow these procedures may result in an Order striking the motion and brief." (June 4, 2004 Order, Page 4.)  Since the Freeborn defendants did not follow these procedures, their briefs in support of their motion for summary judgment are stricken. However, I will allow the motion for summary judgment to stand, and give the Freeborn defendants an opportunity to re-file a single brief in support of this motion, subject to the page limits of the June 4, 2004 Order.

Therefore it is so Ordered that:

1) Plaintiff's Motion to strike (Docket #463) is GRANTED as to the Freeborn defendants' briefs in support of their motion for summary judgment, and

2) The Freeborn defendants' briefs in support of their motion for summary judgment (Docket # 457, 458, 459 and 460) are STRICKEN, and

3) The Freeborn defendants have fifteen days to re-file a single brief in support of their motion for summary judgment (Docket # 456), subject to the page limits of the June 4, 2004 Order.

DONE and ORDERED, this __14th__ day of December, 2005 at Denver, Colorado.

                                            s/Lewis T. Babcock
                                            United States District Chief Judge